Gray, J.
In this action, the claim of the plaintiff to recover the possession of land formerly embraced in the Bloomingdale road, and between Ninetieth and Ninety-first streets, in the city of New York, depends upon the construction to be given to the descriptive words in two grants of land; one made by Charles Apthorp and others to John Shaw, and the other made by the same grantors to William and Mary Jauncey, in 1799.
In the deed to Shaw, they were the following, viz.: “ Beginning at the corner of William Constable’s land on the north side of the Bloomingdale road, and running thence along said road thirty-eight degrees east, eight chains forty-five links; thence along the south side of a private road in the map hereunto annexed delineated, and forty links wide, and north fifty-two degrees-west, twenty-two chains ten links, crossing the said private road to the North river; thence southwesterly along the side of the said river to the said William Constable’s boundary line, and thence along said boundary line south fifty-three degrees east, twenty-four chains fifty links, to the place of beginning, containing nineteen acres, three roods and five perches, according to a map hereunto annexed and made by Benjamin Taylor.”
In the deed to the Jaunceys, they are as follows, viz.:
“Beginning at the corner of a field at the junction of the Bloomingdale road with the crossroad that leads to Harlem; thence run *687 ning along the Bloomingdale road south thirty-five degrees west, seven chains fifty links; thence south thirty-seven degrees west, ten chains and thirty-two links, thence south fifty-four degrees' east, along William Constable’s and Richard L. Brown’s land, nineteen chains eighteen links; thence north fifty-four degrees east, nine chains fifty-five links ; thence south fifty-three degrees east, three chains seventeen links'; thence north thirty-six degrees east, eight chains ninety-two links; thence north fifty-three degrees west, thirty-six chains, to the beginning, containing forty-two acres and five perches, according to a map thereof made by Benjamin Taylor, one of the city surveyors of the said city of Hew York, and hereunto annexed.”
The general term were of the opinion that no doubt existed in this case, whatever it may have been in Holloway v. Southmayd; but that, by the description, the grantees took the fee of the Bloomingdale road to its center line. While we concede that, under these descriptions, the doubt, as to what was the intention of the grantors to convey, might be more readily resolved in favor of the grantees; nevertheless, we prefer to place our affirmance of the general term’s judgment upon the grounds stated in the opinion in Holloway v. Southmayd, decided herewith.
In either case, we are inclined to the view that the descriptive monuments, or starting points, for the boundary lines cannot be fixed in the center of the Bloomingdale road, without straining-too much the language used. In Shaw’s deed “ the corner of Constable’s land on the north side of the Bloomingdale roadn seems to indicate the side of the road. If we read “ on the north side,” etc., as referring to the general situs of Constable’s land, we should have to assume that Constable owned to the center of the road; which the proofs do not warrant us in doing. . While, if we read these words as referring to the “ corner,” then, of course, we should have the same condition of things as in the Southmayd case. So, in the Jaunceys’ deed, “ the corner of the field at the junction of the Bloomingdale road,” etc., are words which, when read according to their natural import, seem to describe the situs of the field and fix the starting point for the boundary line in the exterior line or side of the road bounding the field and not within the road itself.
For the reasons expressed in the case of this same plaintiff against Southmayd and others, the order appealed from should be affirmed and, under the stipulation, judgment absolute should be ordered against the appellant, with costs.
Order affirmed and judgment accordingly.
All concur; Maynard, J., for reasons stated in memoranda in Southmayd case; except Earl, Finch and O’Brien, JJ., dissenting.